## The People of the State of Illinois, Defendant in Error, v. Edward A. Jones, Plaintiff in Error.

### Gen. No. 22,274.   (Not to be reported in full.)

Error to the Criminal Court of Cook county; the Hon. Charles M. Thomson, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed July 19, 1917.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Edward A. Jones, defendant, for a conspiracy with one Clark and persons unknown to induce Arthur and Julia Lambercier to leave the State so that they could not be produced as witnesses at the trial of one Harry Watson upon the criminal charge, then pending, of obtaining money from the Lamberciers by means of the confidence game. From a judgment of conviction, defendant brings error.

John M. Lonergan and Samuel E. Foos, for plaintiff in error; Zach Hofheimer, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, JOHN F. CASHEN and J. M. DICKINSON, JR., of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. CONSPIRACY, § 50*—*when evidence is sufficient to sustain conviction for by attorney and others to induce witnesses to leave State.* In a prosecution against an attorney representing the defendant in a criminal prosecution for obtaining money by means of the confidence game for conspiracy in inducing the victims, who were witnesses, to leave the State so that they could not be produced at the trial, evidence *held* sufficient to sustain a conviction.

2. CONSPIRACY, § 49*—*when erroneous admission of evidence is harmless.* In a prosecution against an attorney representing the defendant in a criminal prosecution for obtaining money by means of a confidence game for conspiracy in inducing the victims, who were witnesses, to leave the State so that they could not be produced at the trial of his client, *held* that the admission of the details of the confidence game was harmless error where defendant had impliedly admitted that his client was guilty by attempting to make a restitution of the money taken for him and the charge against defendant was supported by overwhelming proof.

3. CONSPIRACY, § 49*—*when telephone conversation with confederate of accused is admissible.* In a prosecution against an attorney representing the defendant in a criminal case for obtaining money by means of the confidence game for conspiracy in inducing the victims, who were witnesses, to leave the State, *held* that a telephone conversation by one of such witnesses from her room in a hotel, with an unknown confederate as to whether they would leave right away, the witness replying in the affirmative, and the confederate saying that he would "be up in a minute," was admissible as an act in furtherance of the conspiracy, where shortly afterwards a party appeared and said that he would take them to their station right away, and, upon their refusing to leave the room without getting the money, that he would have to see the "lawyer," and, where a few minutes after he left, defendant and another person appeared and made arrangements for the payment of the money.

4. CONSPIRACY, § 49*—*when admission of hearsay is harmless*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.*

*error.* The admission of evidence of a detective in a criminal prosecution for conspiracy in inducing witnesses in another criminal prosecution to leave the State, that one of such witnesses detailed to him respecting a conversation over the telephone with an unknown conspirator relative to their leaving the State, although improper as hearsay, *held* to be harmless error where the same uncontradicted conversation was testified to by the person holding the conversation with the conspirator.

5. CONSPIRACY, § 49*—*when exclusion of evidence in prosecution for conspiracy is immaterial.* The exclusion of evidence of an attorney who was defendant in a criminal prosecution for conspiracy in inducing witnesses in another criminal prosecution, for obtaining money by means of a confidence game, to leave the State and not testify at the trial of his client, that the client told him of an alleged conversation between the client and detectives who arrested defendant about returning the money and all that his client had told him in connection therewith, as bearing upon his motive in returning the money, *held* to be immaterial where defendant admitted that he got a certain sum from his client for the purpose of returning the money taken from the victims and for adjusting another case and fully stated what his motive was in going to the victims' room in the hotel.

6. CRIMINAL LAW, § 542*—*when improper conduct of assistant State's Attorney may not be complained of.* The improper conduct of the assistant State's Attorney in a criminal prosecution in calling the defendant a liar while he was on the witness stand cannot be complained of where it immediately follows and is provoked by an equally improper allusion to the assistant State's Attorney by the defendant.

7. CONSPIRACY, § 54*—*when putting of improper question to character witness is not ground for reversal.* The mere putting of an improper question by the State's Attorney to one of the character witnesses for defendant in a prosecution for conspiracy which rehearsed defendant's part in the conspiracy charge, *held* not ground for reversal where the judgment was supported by convincing evidence.

8. CRIMINAL LAW, § 315*—*when refusal of instruction is proper.* The refusal of a proper instruction in a criminal case which is covered by a given instruction is not error.

9. CRIMINAL LAW, § 508*—*when presumed that refused instruction is fully covered by other instructions.* It will be presumed on appeal in a criminal case that a proper refused instruction is fully covered by other instructions where the abstract does not purport to show all of the instructions given by the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.